IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ORLANDO LARRY,

              Petitioner,                      ORDER

     v.                            08-cv-587-bbc

CITY OF MADISON and
COUNTY OF DANE,

              Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Orlando Larry, a prisoner at the Dane County jail in Madison, Wisconsin, has submitted a proposed complaint pursuant to 42 U.S.C. § 1983.  He requests leave to proceed in forma pauperis.  I cannot consider his request to proceed in forma pauperis with his present complaint until he has both paid the sanctions imposed against him in another case and paid the debt he incurred under the 1996 Prison Litigation Reform Act in connection with other lawsuits and appeals he filed in this district.

      Before turning to petitioner's financial obligations, a brief discussion of his case history in this court is warranted.  In 2006, petitioner filed four lawsuits in this court.  The first two cases, Larry v. Goetz, 06-C-197-C and Larry v. Department of Corrections, 06-C-

1

223-C were filed on April 20, 2006 and April 25, 2006, respectively.  In orders entered in these cases on April 25, 2006 and May 15, 2006, I acknowledged that petitioner was not a prisoner at the time he filed his complaints and consequently, was not subject to the 1996 Prison Litigation Reform Act.  In both cases, I concluded that petitioner was unable to prepay the fees and costs of instituting his lawsuits.  He is considered to owe the $350 fees for filing these cases, even though the court has no authority to collect these fees under 28 U.S.C. § 1915(b)(2), which is the installment collection provision of the statute.

In addition to the $350 fee for filing his complaint in case no. 06-C-223-C, petitioner owes sanctions to this court in the amount of $150.  On December 12, 2006, I imposed sanctions on petitioner for his failure to disclose court-ordered information to the defendant. I told petitioner that the sanction against him must be paid before he would be allowed to proceed in any further action in this court, unless the action alleges imminent danger of serious physical harm.  Petitioner has not paid the court-ordered sanctions.

On January 4, 2007 and April 4, 2007, petitioner filed notices of appeal in case nos. 06-C-223-C and 06-C-197-C.  Because petitioner was incarcerated at the time he filed his appeals and because the notices were not accompanied by the $455 fee for filing his appeals, I construed the notices to include requests for leave to proceed in forma pauperis and directed him to pay initial partial payments of the $455 filing fees.  The remainder of the $455 filing fees was to be paid in monthly installments.

2

Petitioner's third and fourth cases, <u>Larry v. Floyd</u>, 06-C-517-C and <u>Larry v. Schmeiser</u>, 06-C-518-C, were filed on September 20, 2006 while he was incarcerated at the Dane County jail.  Although petitioner was assessed an initial partial payment of the $350 filing fee in case no. 06-C-517-C, he failed to make the payment and this case was closed on October 24, 2006.  Petitioner was relieved of the obligation to pay the $350 fee for filing this case because he was considered to have withdrawn the action voluntarily.

On the other hand, case no. 06-C-518-C proceeded to screening under 28 U.S.C. § 1915A following petitioner's payment of a $12.30 initial partial payment of the $350 filing fee.  In the October 16, 2006 order denying his request for leave to proceed <u>in forma pauperis</u>, I told petitioner that he would be required to pay the remaining balance of the filing fee in monthly payments according to § 1915(b)(2).

Petitioner did not file an appeal in either case no. 06-C-517-C or case no. 06-C-518-C.


DISCUSSION

28 U.S.C. § 1915(b)(2) provides that "after payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account . . . ."  If the prisoner then files additional complaints or appeals, the amount owed increases as well.  <u>Newlin v. Helman</u>, 123  F.3d

3

429, 436 (7th Cir. 1997), rev'd on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000) and Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000).  This court's records confirm that petitioner did not pay 20% of his income after he filed his complaint in 06-C-518-C, 40% of his income after he filed his appeal in case no. 06-C-223-C, or 60% of his income after he filed his appeal in case no. 06-C-197-C.

In  Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), the Court of Appeals for the Seventh Circuit cautioned prisoner litigants to keep a watchful eye on their accounts and ensure that amounts owed under the Prisoner Litigation Reform Act are withdrawn on a monthly basis.  "If in a given month the prison fails to make the required distribution from the trust account, the prisoner should notice this and refrain from spending funds on personal items until they can be applied properly." Id. at 776.  Nonpayment of obligations a prisoner incurs under the Prisoner Litigation Reform Act for any reason other than destitution is to be understood as a voluntary relinquishment of the prisoner's right to file future suits in forma pauperis, just as if the prisoner had a history of frivolous litigation. Thurman v. Gramley, 97 F.3d 185, 188 (7th Cir. 1996).

From the statements petitioner filed in this case and in case no. 06-C-197-C, it is clear that plaintiff is in arrears for the total amount of his outstanding balance of $1,266.73. (This includes the $150 in sanctions that petitioner was ordered to pay on December 12, 2006.) The chart below illustrates the calculation performed by the court in reviewing

4

petitioner's financial statements.  The first column shows the month in which petitioner received income and the percentage of income he owed; the second column shows the amount of his monthly income; the third column shows the amount petitioner owed; the fourth column shows the amount of petitioner's monthly payments; and the last column shows the minimum amount I am able to determine petitioner owes.

| Month and Percentage of Income Owed | Income | Amount Owed | Amount Paid | Amount Still Due |
|---|---|---|---|---|
| October 2006, 20% | $30 | $6 | $0 | $6 |
| November 2006, 20% | $384.10 | $76.82 | $0 | $76.82 |
| December 2006, 20% | $170.39 | $34.08 | $0 | $34.08 |
| January 2007, 40% | $.15 | $.06 | $0 | $.06 |
| February 2007, 40% | $234.73 | $93.89 | $0 | $93.89 |
| March 2007, 40% | $992 | $396.80 | $0 | $396.80 |

5

| April 2007, 60% | $153.51 | $92.11 | $0 | $92.11 |
| March 2008, 60% | $360 | $216 | $0 | $216 |
| July 2008, 60% | $84.76 | $50.86 | $0 | $50.86 |
| August 2008, 60% | $600 | $360 | $0 | $360 |
| **TOTAL** | $3,009.64 | $1,326.62 | $0 | $1,326.62 |

As soon as this court is notified that petitioner's account is up to date, petitioner may renew his request for leave to proceed in forma pauperis in this case.


ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis is DENIED.

Further, IT IS ORDERED that until petitioner has paid sanctions imposed against him in the amount of $150 and until he has paid the debt he incurred under the 1996 Prison Litigation Reform Act in connection with the fees for filing his complaint in Larry v. Schmeiser, 06-C-518-C and his appeals in Larry v. Department of Corrections, 06-C-223-C

6

and <u>Larry v. Goetz</u>, 06-C-197-C, he may not apply for leave to proceed <u>in forma pauperis</u> in any future action in this district except under the circumstances  permitted under 28 U.S.C. § 1915(g).

 Finally, IT IS ORDERED that the clerk is directed to close this file.

 Entered this 21st day of October, 2008.

    BY THE COURT:


     /s/
    _____
    BARBARA B. CRABB
    District Judge